UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARQUIS DOMINIQUE MOORE,

    Petitioner,

v.

SCOTT KERNAN,

    Respondent.

No. 2:17-cv-2080 MCE KJN P

ORDER and

FINDINGS AND RECOMMENDATIONS

I. Introduction

Petitioner, a state prisoner, is proceeding pro se and in forma pauperis. Respondent moves to dismiss the petition as a mixed petition, based on petitioner's alleged failure to exhaust. Petitioner filed a motion for stay and abeyance. Respondent opposes the motion for stay.

As discussed below, the undersigned recommends that respondent's motion to dismiss be granted, and petitioner's motion for stay be denied.

II. Background

1. Petitioner was convicted of three counts of robbery, two counts of assault with a firearm, one count of attempted murder, one count of burglary, and one count of false imprisonment. (ECF No. 1; Respondent's Lodged Document ("LD") 1 at 1.) The jury also found various gun use enhancements true, among other enhancements. (LD 1 at 1.) Petitioner was sentenced to 83 years-to-life.

2. Petitioner filed a timely appeal in the California Court of Appeal, Third Appellate District. Petitioner raised four claims on appeal: (1) the 83 year sentence was cruel and unusual punishment because he was a juvenile when he committed the offenses; (2) the trial court abused its discretion by relying on improper factors in aggravation to impose an upper term sentence; (3) petitioner received ineffective assistance of trial counsel who failed to object at sentencing to preserve sentencing issues on appeal; and (4) the trial court imposed an unauthorized sentence in violation of petitioner's due process rights. (LD 2.)

3. On November 21, 2014, the state appellate court reversed petitioner's judgment of sentence and remanded the case to the trial court for a new sentencing hearing consistent with United States Supreme Court and California Supreme Court decisions regarding juvenile offenders,[1] but rejected petitioner's remaining claims. (LD 1 at 3.)

4. On December 23, 2014, the Attorney General filed a petition for review in the California Supreme Court, No. S223330. (LD 5.) On February 20, 2015, the California Supreme Court granted the petition, but deferred action pending consideration and disposition of related issues in a number of other pending cases.[2] (LD 6.)

5. On August 17, 2016, the California Supreme Court transferred the case to the California Court of Appeal with directions to vacate its decision and reconsider the case in light of People v. Franklin, 63 Cal. 4th 261 (2016). (LD 7.)

6. On September 28, 2016, the California Court of Appeal affirmed the judgment of conviction, but remanded the case to the trial court:

> for a limited hearing to determine whether he was afforded an adequate opportunity to present evidence that sections 3051 and 4801 deem relevant at youth offender parole hearings. If it concludes Moore was not provided that opportunity, the trial court is directed to conduct a hearing and to accept evidence relevant to youth-related factors in a manner consistent with that described in Franklin, supra, 63 Cal.4th at pages 283 to 284.

(LD 8.) The trial court held a Franklin hearing on January 23, 2018. (ECF No. 27-1 at 2.)

---

[1] Graham v. Florida, 560 U.S. 48 (2010); Miller v. Alabama, 567 U.S. 460 (2012); and People v. Caballero, 55 Cal.4th 262 (2010).

[2] In re Alatriste, S214652, In re Bonilla, S214960, and People v. Franklin, S217699. (LD 6.)

1       7. Petitioner did not file a petition for review in the California Supreme Court.[3]

2       8. Petitioner did not file any collateral challenges in state court.

       9. On October 3, 2017, under the mailbox rule, petitioner filed the instant federal petition. (ECF No. 1 at 72.) Petitioner claims that his sentence of 83 years-to-life constitutes a de facto sentence of life without parole in violation of the Eighth Amendment; the trial court abused its discretion by relying on improper factors in aggravation to impose an upper term sentence; petitioner suffered ineffective assistance of counsel because counsel failed to make sufficiently specific objections at sentencing to preserve sentencing issues on appeal; the failure to stay the eight month sentence on count 15 (felony false imprisonment) violated petitioner's due process rights; the state used suggestive identification tactics, specifically a highly suggestive line-up, irreversibly prejudicing petitioner.

III. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

IV. Alleged Failure to Exhaust

A. Exhaustion Standards

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived

---

[3] The California Court of Appeal affirmed petitioner's judgment of conviction on September 28, 2016. Because petitioner did not file a petition for review, the last day he was permitted to seek such review was November 7, 2016, forty days after the California Court of Appeal's opinion was filed. See Cal. R. Ct. 8.366(a)(1), 8.500(e)(1); Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002). Thus, it appears petitioner's conviction became final on November 7, 2016.

3

explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[4]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court.  The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based.  Picard, 404 U.S. at 277-78.  Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6 (1982).  Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995).  Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 162-63 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).

The Supreme Court has refused to recognize an exhaustion exception even for clear constitutional violations.  Duckworth v. Serrano, 454 U.S. 1, 3-4 (1981).  The statute provides for two rare exceptions to the exhaustion requirement:  (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.  28 U.S.C. § 2254(b)(1)(B).

---

[4] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

4

B. Discussion

Petitioner concedes that he did not exhaust his claims. (ECF No. 1 at 2, 3, 6, 12.) With regard to claim 5, petitioner alleges that there were multiple impediments, such as unreasonable separations between petitioner and his legal file, and contends he is entitled to equitable tolling on claim five. Petitioner also concedes ground 5 was not raised on direct appeal. (ECF No. 1 at 12.) Petitioner did not file a formal opposition, but rather filed a motion for stay. (ECF No. 31.)

As of June 29, 2018, petitioner had not filed a petition for review or a petition for writ of habeas corpus in the California Supreme Court.[5] The only case on file with the California Supreme Court is the petition for review filed by the Attorney General, No. S223330.

Because none of petitioner's claims have been presented to the California Supreme Court, the petition is wholly unexhausted. Absent the grant of a stay in this action, the petition must be dismissed as unexhausted.

V. Motion for Stay

A. The Parties' Positions

Petitioner moves to stay this action while he returns to state court to exhaust his unexhausted claims, after which he will request leave to file an amended petition. (ECF Nos. 31 at 2; 32 at 3.) In support of his request for stay, petitioner provides evidence that he has only a fifth grade education. (ECF No. 31 at 1-2, 6.) Petitioner claims he only recently found an inmate willing to assist him, and states he believed that appellate counsel had filed a petition for review in the California Supreme Court. (ECF No. 31 at 1-2, 6.) He also states that he understood that his direct appeal was complete as appellate counsel was no longer representing him. (ECF No. 32 at 1.) He claims he believed that all of the state remedies had been exhausted, which is why the petition was filed in federal court. Petitioner states he intends to fully exhaust all state remedies. (Id.) The inmate assisting petitioner also provided a declaration explaining that due to

---

[5] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

petitioner's fifth grade education, he had trouble explaining legal procedures to petitioner, as well as what the court and respondent were talking about. (ECF No. 32 at 3.) Petitioner provided a test score from the Test of Adult Basic Education ("TABE") reflecting petitioner's score of 5.1. (ECF No. 32 at 6.) Petitioner did not expressly identify the type of stay sought, but it appears he seeks relief under Rhines v. Weber, 544 U.S. 269 (2005).

Petitioner also provided a copy of a petition for writ of habeas corpus addressed to the San Joaquin County Superior Court, with no file stamp by such court, and only challenging petitioner's fifth claim regarding the alleged suggestive lineup. (ECF No. 33.)

Respondent opposes the motion, arguing that the Supreme Court requires prisoners to first exhaust before seeking to overturn a state conviction in federal court, and that stay and abeyance should be available only in limited circumstances. (ECF No. 35 at 1.) In addition, respondent contends that petitioner presented no good reason for failing to exhaust, simply claiming he is not familiar with filing documents in court and believed appellate counsel had filed a petition for review in the California Supreme Court. Respondent contends that such statement is contradicted by the instant petition where petitioner marked "No" in response to the question, "Did you seek review by a higher state court?" (ECF No. 35 at 2, quoting ECF No. 1 at 2.) Respondent also points out that petitioner answered "No" to the question, "Other than the direct appeals listed above, have you previously filed any petitions, applications, or motions concerning this judgment of conviction in any state court?" (ECF No. 35 at 2, quoting ECF No. 1 at 3.) Respondent argues these responses demonstrate petitioner was in fact aware he did not seek further state review before filing the instant petition. Nevertheless, respondent contends that petitioner's claim that he believed appellate counsel filed a petition for review is insufficient to support a stay under Rhines in light of Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (prisoner failed to show cause under Rhines based on allegation that he was under the impression his appellate attorney had previously exhausted the claim because such excuse would render stay and abey orders "routine.")

////

////

6

B. Applicable Law

A federal district court may not address the merits of a petition for writ of habeas corpus unless the petitioner has exhausted state court remedies with respect to each of his federal claims. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1). Under Rhines, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 278.[6] Petitioner must meet all three prongs under Rhines. 544 U.S. at 278. The Supreme Court made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay under Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78. Since Rhines, the Ninth Circuit determined that a prisoner may properly request a stay rather than be required to dismiss a habeas petition consisting entirely of unexhausted claims. Mena v. Long, 813 F.3d 907 (9th Cir. 2016) (granting district courts discretion to stay a fully unexhausted petition).

C. Good Cause

The Rhines good cause standard does not require a showing of "extraordinary circumstances." Wooten v. Kirkland, 540 F.3d 1019, 1023-24 (9th Cir. 2008) (citing Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005)). It does, however, require petitioner to set forth a reasonable excuse, supported by sufficient evidence, to justify his failure to exhaust. Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014) (noting that "[a]n assertion of good cause without evidentiary support will not typically amount to a reasonable excuse").

---

[6] A second procedure for staying mixed petitions, known as the "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), has been described by the Ninth Circuit Court of Appeals to involve the following three-step process: "(1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). The Kelly procedure is riskier than the Rhines procedure because it does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred under the one year statute of limitations. See King, 564 F.3d at 1140-41. A stay under Kelly is unavailable here because the petition is not a mixed petition.

7

First, as argued by respondent, petitioner's claim that he believed his appellate counsel filed a petition for review is insufficient to support good cause under Rhines. Wooten, 540 F.3d at 1024.

Second, petitioner's statement that he thought all of his claims were exhausted contradicts his statement that he thought counsel had filed a petition for review, and contradicts his concession that his fifth claim was not exhausted at the time he filed his federal petition.

Third, the undersigned considers petitioner's lack of education. Petitioner has only a fifth grade education. However, as other courts have found, a lack of education is a routine circumstance for prisoners and does not demonstrate good cause for failing to exhaust. Finding good cause on the basis of a limited education would violate the Supreme Court's command that stays under Rhines are to be granted only in limited circumstances. See Rhines, 544 U.S. at 277; see also Wooten, 540 F.3d at 1024. The Northern District has found that having a sixth grade education is insufficient to show good cause under Rhines. Hernandez v. California, 2010 WL 1854416, at *2-3 (N.D. Cal. May 6, 2010) (concluding that limited education, lack of legal assistance, and routine restrictions on law library access were insufficient to constitute good cause under Rhines); Davis v. Biter, 2014 WL 2894975, at *8 (S.D. Cal. June 25, 2014) (same, and collecting cases). Petitioner's claim that he only recently found a prisoner to assist him fails for the same reason.

Fourth, the court has considered whether petitioner's lack of counsel following the state appellate court's decision demonstrates good cause. A prisoner who appeared pro se in state postconviction proceedings has good cause for failure to exhaust because he could not be expected to "understand the technical requirements of exhaustion." See Dixon v. Baker, 847 F.3d 714, 721 (9th Cir. 2017). But Dixon does not apply and good cause is lacking when a pro se prisoner has not filed any state habeas petitions, particularly when there is evidence that the prisoner has not been expeditious in seeking relief. See Sangurima v. Montgomery, 2017 WL 7371168, at *7-8 (C.D. Cal. Dec. 12, 2017) (no good cause for Rhines stay when petitioner had not filed any state habeas petition and moved for stay only in response to federal order to show cause), accepted by 2018 WL 740894 (C.D. Cal. Feb. 5, 2018); Stacy v. Gastelo, 2018 WL

1750622, at *2 (C.D. Cal. Feb. 20, 2018), adopted, 2018 WL 1750554 (C.D. Cal. Apr. 10, 2018) (same).

Here, petitioner did not act pro se in any state postconviction proceeding; indeed, no state postconviction proceedings were filed. Moreover, as argued by respondent, the petition demonstrates that at the time the federal petition was filed, petitioner was aware his claims were unexhausted because he marked the pertinent response boxes "No." (ECF No. 1 at 2, 14.) Although petitioner now claims that he intends to exhaust all of his state court remedies, it appears he had not filed anything in state court prior to April of 2018.[7] Also, the state appellate courts' case-information website confirms there is no record of petitioner having filed a petition for review or any habeas petition in any state court of appeal or in the California Supreme Court since his conviction was affirmed in September of 2016. Thus, petitioner's case is distinguishable from Dixon.

Moreover, despite acknowledging in his petition that he had not filed in the California Supreme Court (ECF No. 1 at 2, 14), petitioner moved for a stay only after respondent filed the motion to dismiss, two and a half months later. Petitioner did not file a petition in state court as soon as he realized he had not exhausted state court remedies. Rather, it appears he waited until April to begin an attempt to exhaust, and then only as to his fifth claim. Petitioner's failure to pursue exhaustion as soon as he became aware diminishes any claim that his failure to exhaust might be due to not understanding the technical requirements of exhaustion, and also fails to demonstrate diligence. See Sangurima, 2017 WL 7371168, at *7-8.

For all of these reasons, petitioner cannot demonstrate good cause under Dixon.

Finally, in his petition, petitioner states he is "proceeding pro se" and is "unsure" of his statutory deadline, but is sure it is not beyond September 28, 2017. (ECF No. 1 at 14.) Petitioner did not include this argument in his motion for stay.

////

---

[7] The petition for writ of habeas corpus addressed to the San Joaquin County Superior Court is signed by petitioner and dated April 27, 2018, and the appended proof of service declares it was mailed to the San Joaquin County Superior Court on April 27, 2018.

9

Shortly after deciding Rhines, the Supreme Court suggested that a petitioner could file a "protective" petition in federal court and ask the federal court to stay the federal habeas proceedings until the state remedies are exhausted. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). The Supreme Court stated that a petitioner's reasonable confusion about whether a state filing would be timely would ordinarily constitute "good cause" for him to file in federal court. Id. However, Pace does not apply here because petitioner did not file any petition in state court. The decision in Pace only contemplates the situation in which a petitioner is pursuing state post-conviction relief and is unsure whether the state filing would be timely. Here, petitioner was not pursuing any state post-conviction relief.

Accordingly, because petitioner fails to demonstrate good cause, he is not entitled to a stay under Rhines.[8]

VI. Request for Counsel

On May 11, 2018, petitioner filed a motion for appointment of counsel which is addressed to the San Joaquin County Superior Court. Nevertheless, to the extent petitioner seeks appointment of counsel in the instant action, in light of the instant recommendations, petitioner's request for the appointment of counsel is denied.

VII. Conclusion

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 34) is denied; and

Further, IT IS RECOMMENDED that:

1. Petitioner's motion for stay (ECF No. 31) be denied;

2. Respondent's motion to dismiss (ECF No. 27) be granted; and

3. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

---

[8] As noted above, petitioner is required to meet all three prongs of Rhines. Because petitioner fails to meet two of the three prongs of Rhines, the undersigned declines to address whether petitioner's unexhausted claims are potentially meritorious.

10

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 5, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/moor2080.mtd.hc.stayd